UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN HUNT,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.  25cr10457<br><br>Violations:<br><br>Count One: Distribution of Fentanyl, MDMA, MDA, Ketamine, and LSD Resulting in Death<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))<br><br>Counts Two and Four: Distribution of and Possession with Intent to Distribute Fentanyl<br>(21 U.S.C. § 841(a)(1))<br><br>Count Three: Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))<br><br>Counts Five and Seven: Unlawful Transfer and Possession of a Machinegun<br>(18 U.S.C. § 922(o))<br><br>Count Six: Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine, and Cocaine<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)) |

INFORMATION

COUNT ONE
Distribution of Fentanyl, MDMA, MDA, Ketamine, and LSD Resulting in Death
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The United States Attorney charges:

In or about May 2023, in the District of Massachusetts, the Southern District of Indiana, and elsewhere, the defendant,

BENJAMIN HUNT,

did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 3,4-Methylenedioxymethamphetamine, also known as "MDMA" and "ecstasy," a Schedule I controlled substance; 3,4-Methylenedioxyamphetamine, also known as "MDA" and "love drug," a Schedule I controlled substance; Ketamine, a Schedule III controlled substance; Lysergic Acid Diethylamide, also known as "LSD" and "acid," a Schedule I controlled substance, and the use of such substances, individually and in combination, resulted in the death of MINOR A, a 17-year old male.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2

COUNT TWO
Distribution of and Possession with Intent to Distribute Fentanyl
(21 U.S.C. § 841(a)(1))

The United States Attorney further charges:

On or about February 20, 2024, in the District of Massachusetts, and elsewhere, the defendant,

BENJAMIN HUNT,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

3

<u>COUNT THREE</u>
Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The United States Attorney further charges:

On or about May 24, 2024, in the District of Massachusetts, and elsewhere, the defendant,

BENJAMIN HUNT,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more

of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

<u>COUNT FOUR</u>
Distribution of and Possession with Intent to Distribute Fentanyl
(21 U.S.C. § 841(a)(1))

The United States Attorney further charges:

On or about June 26, 2024, in the District of Massachusetts, and elsewhere, the defendant,

BENJAMIN HUNT,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE
Unlawful Transfer and Possession of a Machinegun
(18 U.S.C. § 922(o))

The United States Attorney further charges:

On or about June 26, 2024, in the District of Massachusetts, and elsewhere, the defendant,

BENJAMIN HUNT,

knowingly transferred and possessed a machinegun, as defined by Title 26, United States Code,

Section 5845(b), that is, one or more machinegun conversion devices.

All in violation of Title 18, United States Code, Section 922(o).

<u>COUNT SIX</u>
Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance
Containing Methamphetamine, and Cocaine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The United States Attorney further charges:

On or about August 28, 2024, in the District of Massachusetts, the defendant,

BENJAMIN HUNT,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture

and substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

<u>COUNT SEVEN</u>
Unlawful Possession of a Machinegun
(18 U.S.C. § 922(o))

The United States Attorney further charges:

On or about August 28, 2024, in the District of Massachusetts, the defendant,

BENJAMIN HUNT,

knowingly possessed a machinegun, as defined by Title 26, United States Code, Section 5845(b),

that is, one or more machinegun conversion devices.

All in violation of Title 18, United States Code, Section 922(o).

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.      Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Section 841, set forth in Counts One through Four, and Six, the defendant,

BENJAMIN HUNT

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(o), set forth in Counts Five and Seven, the defendant,

BENJAMIN HUNT

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

LEAH B. FOLEY
United States Attorney

By: KUNAL PASRICHA
J. MACKENZIE DUANE
Assistant United States Attorneys
District of Massachusetts

Dated: December 15, 2025

11