

**U.S. Department of Justice**

**_Leah B. Foley_**
_United States Attorney_
_District of Massachusetts_

---

_Main Reception: (617) 748-3100_
_Courthouse_

_John Joseph Moakley United States_

_1 Courthouse Way_
_Suite 9200_
_Boston, Massachusetts 02210_

October 8, 2025

Forest O'Neill-Greenberg
Sandra M. Gant
51 Sleeper Street, #5
Boston, Massachusetts 02210

> Re:    United States v. Benjamin Hunt
>        Criminal No. 24-MJ-06649-MPK

Dear Attorneys O'Neill-Greenberg and Gant:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Benjamin Hunt ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.    Change of Plea

Defendant will waive Indictment and plead guilty to Counts One through Seven of the Information charging:  distribution of Fentanyl, MDMA, MDA, Ketamine, and LSD resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); distribution of and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 4); distribution of and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count 3); unlawful transfer and possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Counts 5 and 7); and possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count 6).  Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney agrees not to charge defendant pursuant to 18 U.S.C. § 922(a)(1)(A) (business of dealing firearms) or 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a

1

drug trafficking crime) based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

2.    Penalties

Defendant faces the following mandatory minimum and maximum penalties as follows:

As to Count One, a term of incarceration of not less than 20 years, and up to life; a term of supervised release for not less than 3 years, and up to life; a fine of $10,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in Information.

As to Counts Two and Four, a term of incarceration for up to twenty years; a term of supervised release of not less than three years, and up to life; a fine of $1,000,000; a mandatory special assessment of $100 per count; and forfeiture to the extent charged in Information.

As to Count Three, a term of incarceration of not less than 5 years, and up to forty years; a term of supervised release of not less than four years, and up to life; a fine of $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in Information.

As to Counts Five and Seven, a term of incarceration of up to 10 years; a term of supervised release of 3 years; a fine of $250,000; a mandatory special assessment of $100 per count; and forfeiture to the extent charged in Information.

As to Count Six, a term of incarceration of not less than 10 years, and up to life; a term of supervised release of not less than 5 years, and up to life; a fine of up to $10,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in Information.

3.    Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.    Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 37:

a)  Defendant's base offense level is 38 because the Defendant is convicted under

2

21 U.S.C. § 841(b)(1)(C), and the offense of conviction establishes that death resulted from the use of the substance (USSG § 2D1.1(a)(2));

b) Defendant's offense level is increased by two, because Defendant possessed a dangerous weapon (USSG § 2D1.1(b)(1)); and

c) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    Agreed Disposition

The parties agree on the following sentence:

a) On Count One, incarceration for no less than 240 months and no more than 300 months; on Counts Two through Six, incarceration for a period of time to run concurrent to Count One;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 60 months of supervised release;

d) a mandatory special assessment of $700, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution to be determined at sentencing; and

f) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6.      <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

     a)   Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

     b)   Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.      <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Defendant also hereby abandons all rights to any property seized by the United States, or seized by any state or local law enforcement

4

agency and turned over to the United States, during the investigation and prosecution of this case that are not legal to possess in Massachusetts and/or that he will be prohibited by law from possessing once he is sentenced under this Plea Agreement.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to the assets set forth in Exhibit 1 and Exhibit 2 hereto, seized by, or turned over to, either the Bureau of Alcohol, Tobacco, Firearms & Explosives or Drug Enforcement Administration on or about July 29, 2024, or August 28, 2024 (the "Property"). Defendant hereby abandons all right, title, and interest in the Property, consents to the administrative or civil judicial forfeiture of the Property, and specifically waives all deadlines and rights regarding notice of such forfeiture.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

### 8.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 9.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 10.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.     Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorneys J. Mackenzie Duane and Kunal Pasricha.

<div style="margin-left:50%">

Sincerely,

LEAH B. FOLEY
United States Attorney

By:     *Stephen W. Hassink*

STEPHEN HASSINK
Chief, Narcotics & Money Laundering Unit
LAUREN GRABER
ALATHEA PORTER
Deputy Chiefs, Narcotics & Money
Laundering Unit

J. MACKENZIE DUANE
KUNAL PASRICHA
Assistant U.S. Attorneys
District of Massachusetts

</div>

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

BENJAMIN HUNT
Defendant

Date: 10 - 19 - 25

I certify that Benjamin Hunt has read this Agreement and that we have discussed what it means. I believe Benjamin Hunt understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

FOREST O'NEILL-GREENBERG
SANDRA GANT
Attorneys for Defendant

Date: 11-5-25

7

**EXHIBIT 1 – ATF Assets**

| | ASSET | DATE SEIZED |
|---|---|---|
| 1. | Ammunition; Qty: 300 Rounds; Manufacturer: OTHER; Caliber: 9 | 7/29/24 |
| 2. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Orange; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 3. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Green; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 4. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Green; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 5. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 6. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 7. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | |
| 8. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Yellow; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 9. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Red; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 10. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Orange; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 11. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Orange; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 12. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 13. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 14. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 15. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |

1

|  | **ASSET** | **DATE SEIZED** |
|---|---|---|
| 16. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 17. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Yellow; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 18. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Yellow; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 19. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Yellow; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 20. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Subcompact Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 21. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 22. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 23. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 24. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact White; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 25. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact White; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 26. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Orange; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 27. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Teal; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 28. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Teal; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 29. | Firearm; Manufacturer: Unknown Manufacturer; Model: AR type Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 30. | Firearm; Manufacturer: Unknown Manufacturer; Model: AR type Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 31. | Firearm; Manufacturer: Unknown Manufacturer; Model: AR type Blue; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 32. | Firearm; Manufacturer: Unknown Manufacturer; Model: AR type Yellow; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |
| 33. | Firearm; Manufacturer: Unknown Manufacturer; Model: White; Caliber: MULTI; Type: RECEIVER/FRAME; S/N: None | 8/28/24 |

2

| | **ASSET** | **DATE SEIZED** |
|---|---|---|
| 34. | Firearm Manufacturing Equipment: 3D Printer; Qty: 1 EA; Creality Shenzhen Creality 3D Technology Co, Ltd, K1 Max, SN: 100005653215823IAHZ | 8/28/24 |
| 35. | Firearm Manufacturing Equipment: 3D Printer; Qty: 1 EA; Small Creality, Shenzhen Creality 3D Technology Co, Model: K1, SN: 10000530071D323GAPY | 8/28/24 |
| 36. | Firearm Manufacturing Equipment: Other; Qty: 1 EA; 3D printing parts, tools, and supplies including 4 spools of filament (one box indicating nylon) | 8/28/24 |
| 37. | Firearm; Manufacturer: GLOCK GMBH; Model: 19; Caliber: 9; Type: PISTOL; S/N: BVBL434 | 8/28/24 |
| 38. | Ammunition; Qty: 19 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 39. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: 9; Type: PISTOL; S/N: None | 8/28/24 |
| 40. | Ammunition; Qty: 11 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 41. | Ammunition; Qty: 55 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 42. | Ammunition; Qty: 51 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 43. | Ammunition; Qty: 261 Rounds; Manufacturer: ASSORTED; Caliber: Assorted | 8/28/24 |
| 44. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: SILENCER (NFA); S/N: None | 8/28/24 |
| 45. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: SILENCER (NFA); S/N: None | 8/28/24 |
| 46. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: SILENCER (NFA); S/N: None | 8/28/24 |
| 47. | Other; Qty: 1 EA.; Black backpack containing accessories, fireworks | 8/28/24 |
| 48. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact - Green; Caliber: 9; Type: PISTOL; S/N: None | 8/28/24 |
| 49. | Firearm; Manufacturer: Radikal- Turkey, IMP GForce Arms, Reno, NV; Model: MKX3; Caliber: 12; Type: SHOTGUN; S/N: 24CMS-4292 | 8/28/24 |
| 50. | Firearm; Manufacturer: SMITH & WESSON; Model: M&P 15-22; Caliber: 22; Type: RIFLE; S/N: LAA9877 | 8/28/24 |
| 51. | Ammunition; Qty: 24 Rounds; Manufacturer: ASSORTED; Caliber: 22 | 8/28/24 |
| 52. | Firearm; Manufacturer: Unknown Manufacturer; Model: AR type; Caliber: 223; Type: RIFLE; S/N: None | 8/28/24 |
| 53. | Firearm; Manufacturer: Unknown Manufacturer; Model: "Brrrr" Green; Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 54. | Firearm; Manufacturer: Unknown Manufacturer; Model: "brrrr"; Caliber: UNKNOWN; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 55. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |

| | ASSET | DATE SEIZED |
|---|---|---|
| 56. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 57. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 58. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 59. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 60. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 61. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 62. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 63. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: 223; Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 64. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 65. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 66. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 67. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 68. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 69. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 70. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 71. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 72. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 73. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 74. | Firearm; Manufacturer: Unknown Manufacturer; Model: -- ;Caliber: -- ;Type: MACHINE GUN (NFA); S/N: None | 8/28/24 |
| 75. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Green; Caliber: 9; Type: PISTOL; S/N: None | 8/28/24 |
| 76. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: 9; Type: PISTOL; S/N: None | 8/28/24 |

4

| | **ASSET** | **DATE SEIZED** |
|---|---|---|
| 77. | Ammunition; Qty: 8 Rounds; Manufacturer: REMINGTON; Caliber: 40 | 8/28/24 |
| 78. | Firearm; Manufacturer: Taurus; Model: G3c; Caliber: 9; Type: PISTOL; S/N: 1KA17593 | 8/28/24 |
| 79. | Ammunition; Qty: 5 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 80. | Firearm; Manufacturer: Unknown Manufacturer; Model: Glock-type Compact Black; Caliber: 9; Type: PISTOL; S/N: None | 8/28/24 |
| 81. | Ammunition; Qty: 5 Rounds; Manufacturer: ASSORTED; Caliber: 9 | 8/28/24 |
| 82. | Other; Qty: 1 EA.; Yellow envelope containing Pembleton and Sons binary triggers and "sloppy seconds disconnectors" | 8/28/24 |
| 83. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 84. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 85. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 86. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 87. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 88. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 89. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 90. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 91. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 92. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 93. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 94. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |
| 95. | Firearm; Manufacturer: -- ;Model: Glock-type MCD; Caliber: MULTI; Type: MACHINE GUN (NFA); S/N: None | 7/29/24 |

## Exhibit 2 – DEA Assets

1. Assorted Jewelry valued at approximately $8,910, seized on or about August 28, 2024

2. 0.03840000 Bitcoins valued at approximately $2,241.75, seized on or about August 28, 2024

3. $966 in United States Currency, seized on or about August 28, 2024

1